**BERG, Plaintiff-Appellee, v. DEVORE, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4881.   Decided October 9, 1953.

C. Wilbur Hatch, Columbus, for plaintiff-appellee.
David H. Thomos, Columbus, for defendant-appellant.

## OPINION

By THE COURT.

This is a law and fact appeal from the judgment of the Common Pleas Court of Franklin County in an action in equity. By stipulation the record taken below is presented as the record in this Court.

On April 20, 1951, plaintiff and defendant entered into three separate written agreements whereby the defendant in a franchise agreement granted permission to the plaintiff to open and operate an Unclaimed Freight Retail Store at 217 South Front Street, Columbus, Ohio,

448

for four years or longer at the option of the plaintiff; and sublet the premises at 217 South Front Street to the plaintiff under a subrental agreement which provided for a month-to-month tenancy, or as long as the franchise agreement was in effect; and executed a bill of sale to the plaintiff for the store, together with the stock and fixtures located therein for a stipulated amount, which was paid part in cash and the balance in weekly payments.

Plaintiff took possession and entered upon the contract. Soon thereafter differences arose between the parties. Each charged the other with breaching the contract in certain particulars. Approximately seven months after the execution of the agreements the defendant notified the plaintiff in writing that the franchise and subrental agreements were cancelled, and that plaintiff should vacate the premises.

Plaintiff brought this action to enjoin the defendant in the cancellation of the contracts, to prevent eviction, and to reform the franchise agreement, and for other equitable relief.

Defendant answered by way of general denial, and in his cross-petition seeks to enforce cancellation of the contracts, to dispossess the plaintiff, and other equitable relief. Plaintiff's reply was a general denial.

We have read the entire record and carefully considered the claims of both parties. The agreements were drawn by the defendant without legal assistance. The difficulties which have arisen can be attributed largely to poorly drafted instruments, which did not precisely set forth the rights and obligations of the parties under conditions and circumstances which could be reasonably anticipated.

A court of chancery will aid the parties in the assertion of their rights and the enforcement of their obligations, and in maintaining the contractual relationship if it is possible to do so rather than to dissolve it. In equity trivial mistakes, grievances and even breaches of contract rights will be ignored in an effort to protect and maintain the larger and more valuable rights and obligations. Equity abhors forfeitures. The defendant himself, after cancelling the franchise and subrental agreements, expressed his willingness to continue the contract relationship as it first existed, provided plaintiff would consent to an increase of rental.

The issues are entirely factual and a recital of all of the charges and counter-charges would not serve a useful purpose. We make the same order as the Court below, and in addition order plaintiff to make payments as agreed, if any part of the obligation remains unpaid, and to purchase paint and painting supplies from the defendant as agreed when and if defendant is able to furnish same in the ordinary course of trade.

Judgment accordingly.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.